IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40053
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL AGUIRRE-CONTRERAS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-94-201 (CR-M-93-184-2)
- - - - - - - - - -
August 24, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Manuel Aguirre-Contreras appeals the denial of his motion filed pursuant to 28 U.S.C. § 2255. His arguments that he received ineffective assistance of counsel, that the Presentence Report contained erroneous information, and that his base offense level should not have considered the use of a weapon because he did not plead guilty to a weapons count, need not be reviewed because he did not present them to the district court. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

As to whether his guilty plea was voluntary, relief under § 2255 is reserved for jurisdictional or constitutional issues. See United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991) (en banc), cert. denied, 502 U.S. 1076 (1992). The formal or technical failure to follow Fed. Rule Crim. P. 11[**] is not grounds for relief under § 2255 unless the alleged error resulted, inter alia, in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784-85 (1979).

At his rearraignment, Aguirre-Contreras indicated that he understood that he faced a minimum sentence of sixty months imprisonment. Additionally, although "a guilty plea induced by an unkept bargain is involuntary," and therefore unconstitutional, United States v. Watson, 988 F.2d 544, 553 (5th Cir. 1993) (citation omitted), cert. denied, 114 U.S. 698 (1994), Aguirre-Contreras does not suggest that the Government did not keep its bargain in recommending the low end of the guidelines. Consequently, he makes no showing that the requisite miscarriage of justice occurred which would entitle him to relief under § 2255. See Timmreck, 441 U.S. at 784-85.

AFFIRMED.

---

[**] Rule 11 addresses three "core concerns": whether the guilty plea was coerced; whether the defendant understood the nature of the charges; and whether the defendant understood the consequences of his plea. See United States v. Johnson, 1 F.3d 296, 300 (5th Cir. 1993) (en banc) (direct appeal from guilty-plea conviction).